VAN–053 Order and Notice to Debtor Chapter 7 – Rev. 01/07/2010

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
1760–A Parkwood Blvd.
Wilson, NC 27893

IN RE:
Stuart Watson Black
( *known aliases*: STU BS INC )
241 Deer Track Road
Lillington, NC 27546–6533

TaxID: 65–0835690

CASE NO.: 10–00456–8–JRL

DATE FILED: January 22, 2010

CHAPTER: 7

ORDER AND NOTICE TO DEBTOR

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

Your voluntary petition has been received for filing with the court. If you intend to file a petition for relief under bankruptcy law of the United States and your debts are primarily consumer debts, the Clerk of Court is required to notify you of each chapter of the Bankruptcy Code under which you may seek relief. You should already have received this information in a Notice to Individual Consumer Debtors. If you have any questions concerning any of these chapters or should you want to convert your case to another chapter, contact your attorney.

A meeting of creditors in your case will be conducted within the next 20–60 days. You are required by law to attend this meeting. You will be examined under oath by the court–appointed officer presiding over the meeting. You are expected to dress appropriately for ALL court appearances. Shorts, tank tops, etc. are not considered appropriate court attire.

If an emergency situation arises where you find yourself unable to comply with the order requiring your appearance at the 341 meeting, contact your attorney immediately. Failure to appear at the 341 meeting could result in an order being issued to dismiss your case or deny your discharge without further notice. You must bring a picture identification (ID), your social security card, a copy of your most recent Federal tax return or a written statement that the return was not filed, and your pay stubs for the prior 60 days before filing to the 341 meeting. Acceptable forms of photo identification are: valid state driver license or state issued identification card, military or student identification, valid passport, legal resident alien card. Acceptable proofs of social security number are: social security card, W–2 form for the most recent tax year, pay stub, Social Security Administration statement, military or student identification card, valid state driver license from states using social security number as driver license number.

You are directed to take the following actions or steps to assist the court in administering your bankruptcy case.

1. **Keep the court and the trustee informed of your current mailing address at all times.**
2. You must file certain documents with the court. Failure to file required documents may result in automatic dismissal or a show cause hearing. If your required documents are missing, you will receive a notice identifying the missing documents.
3. You must file a certification by **April 8, 2010** that you completed an instructional course concerning personal financial management as described in Section 111 of the Bankruptcy Code. Failure to file this certification may result in the closing of your case without entry of discharge. *If you later file a motion to reopen your case to file the certification, you will be charged a fee to reopen the case. Notice of the motion to reopen must be given to all creditors before the court will consider the motion.*
4. Within 14 days of the date of filing, you must serve the bankruptcy administrator in electronic format at **means_test@nceba.uscourts.gov** with the following information in the subject line in the order indicated and separated by commas: case number, last name, division (Wilson or Raleigh) with a copy of your most recent Federal income tax return or a written statement that the return was not

    filed, and your pay stubs for the prior 60 days before filing. If you are filing without the assistance of an attorney and are unable to provide these documents in electronic format, you may provide the documents to the bankruptcy administrator at P.O. Box 3758, Wilson, NC 27895 (Wilson cases) or 434 Fayetteville Street Mall, Suite 620, Raleigh, NC 27602–3039 (Raleigh cases).

5. Within 30 days after the date of the filing of your petition or by the time of the meeting of creditors, whichever is earlier, you must file a statement as to the disposition of the property securing consumer debts. You must advise the court:
   (a) whether you intend to abandon the property;
   (b) whether you intend to redeem the property; or
   (c) whether you intend to reaffirm the debt secured by the property. Should you choose to reaffirm the debt, a reaffirmation agreement in the form required by Section 524(k)(4)–(7) of the Bankruptcy Code must be filed with the court.
6. As a result of the filing of your petition, all of your property is now under the exclusive jurisdiction of the United States Bankruptcy Court. The term "property" is used in its broadest meaning and includes all tangible property, intangible property and all rights to receive property such as accounts receivable and tax refunds. The general rule is that any property that you acquire after filing your petition is your property, and not property within your bankruptcy case. There is, however, an important exception. If you acquire money or property within 180 days after filing your petition as the result of (a) an inheritance, (b) property settlement or divorce decree, or (c) as a beneficiary of a life insurance policy or death benefit plan, you must report the acquisition to the trustee within 10 days of the time that the property was acquired. That property becomes part of your bankruptcy estate. If you inherit property 181 days after filing the petition, it is yours and it need not be reported.
7. All of your property should be kept at one location. Any property in the possession of another person at a different location should be identified for the trustee.
8. If your petition does not contain an itemized listing of the major household goods and personal belongings with a statement of the value of each item, you should prepare such a list and forward it to your attorney for delivery to the trustee at the meeting of creditors. If you do not have an attorney, provide the list to the trustee at the meeting of creditors.
9. You should deliver to your attorney, or trustee any tax refunds you receive after your petition is filed.
10. Do not transfer any property or surrender possession of any property to any person, firm or corporation, other than your attorney or the trustee without a specific order of this court authorizing the same.
11. Cooperate with the trustee and the court–appointed appraiser or auctioneer.
12. If a complaint is filed against you or you are served with any papers regarding your case that you do not understand, contact your attorney for advice and direction.
13. You must keep adequate insurance coverage on any motor vehicle. Failure to do so could result in the court entering an order directing you to store the vehicle at your expense until proof of insurance is furnished to the court and the affected creditor.
14. If no complaints are filed against you objecting to your discharge generally or if no extensions of time have been granted for the filing of such complaints, your discharge will be entered. You should receive your discharge in the mail within 30 days after the last date for filing objections to your discharge.

Chapter 7 of the Bankruptcy Code is designed to give honest individuals who find themselves in financial difficulty a "fresh start."

If an individual makes a full disclosure of that individual's financial affairs, submits to examination by the trustee and creditors, has not committed fraudulent acts prior to or in connection with the bankruptcy, has not received a chapter 7 discharge within 8 years or a chapter 12 or 13 discharge in a case commenced within 6 years (unless certain requirements are met) and is not "abusing" the bankruptcy process, then that individual is entitled to the "fresh start."

There are several elements that make up the "fresh start" in a chapter 7 case. The first is the automatic stay which goes into effect immediately upon filing the petition; however, if you have filed more than one bankruptcy petition within the last year, the stay may be limited to 30 days or may not exist at all. The stay prohibits creditors from taking any action to collect most pre–bankruptcy debts. This means no lawsuits, no repossessions, no threatening telephone calls and no collection letters.

Another aspect of the fresh start is the debtor's right to retain exempt property. The exemptions provided by North Carolina state law are recognized in federal bankruptcy cases, and chapter 7 debtors may keep exempt property. If no objections to the claim for exemptions are filed within 30 days after the initial meeting of creditors, your exemptions will be allowed as claimed.

Probably the most important part of the fresh start is the discharge, the effect of which is to eliminate your personal liability for most of your pre–bankruptcy debts.

The discharge injunction will go into effect when the discharge order is entered. It will replace the automatic stay and will be your permanent protection from creditor harassment. The discharge injunction does not prevent creditors from repossessing their collateral if your secured loans are in default, but you are protected from any actions by a creditor to collect a discharged debt. If a creditor tries to collect a discharged debt from you, that creditor may have violated the discharge injunction and could be held in contempt. **Your Discharge Order Is An Important Document and Should Be Kept With Your Permanent Records.**

Not all pre–bankruptcy debts are discharged in chapter 7 cases. Obligations for alimony, child support, educational loans, fines and penalties, judgments arising from death or personal injury while driving under the influence of alcohol, drugs or another substance, and debts incurred in the course of a divorce or separation are not affected by your chapter 7 discharge. Educational loans excepted from discharge nevertheless may be discharged if you can show that paying the debt will create an "undue hardship" for you and your dependents.

If you fail to list a creditor and that creditor had no knowledge of your bankruptcy, your obligation to that creditor may not be discharged. Debts that arose after the filing of your petition are not affected by the discharge.

Your chapter 7 discharge does not affect the liability of any co–maker, endorser or guarantor for your debts. If a friend guaranteed a loan for you with a bank, the bank is free to collect the debt from the guarantor.

A chapter 7 discharge will not affect the validity of most liens. If you borrowed money to purchase an automobile and the automobile is collateral for repayment of the loan, the lien on the automobile will survive your bankruptcy. The bankruptcy law permits debtors to avoid judicial liens (judgments) and nonpossessory, nonpurchase money liens on certain types of property (including household goods but not including automobiles), to the extent that the lien impairs an exemption. If you own property that would be exempt except for a judicial lien or a nonpossessory, nonpurchase money lien, you may be able to avoid the lien to the extent of the exemption. Procedurally, a motion must be filed with the court requesting that such a lien be avoided – if not avoided, the lien remains enforceable.

Any agreement you sign after entry of the discharge order agreeing to repay a discharged debt is void and unenforceable. Agreements that you signed prior to the entry of the order of discharge agreeing to be personally liable for a pre-petition debt may be enforceable if the requirements of the Bankruptcy Code are met.

You may want to pay a debt that has been discharged and you may do so. Keep in mind, however, that any payment you make is strictly voluntary on your part – you have no obligation to pay a discharged debt and if a creditor should put pressure on you to collect a discharged debt, that creditor may be in violation of the discharge injunction.

The bankruptcy law prohibits governmental units from discriminating against you because of your bankruptcy petition. A city, county, state or federal government may not deny you a license, permit, charter or franchise because of your bankruptcy.

You also have the protection from discrimination in employment by either a governmental unit or private employer. If you are fired, don't get promoted, or are denied a raise because of your bankruptcy, your employer may have violated the antidiscrimination provision in the Bankruptcy Code and the employer may be liable to you for damages. Similarly, if you apply for new employment, the prospective employer is prohibited from denying you employment based solely on your bankruptcy filing.

Failure to comply with any of the instructions set forth herein could result in a dismissal of your case or denial of your discharge. If you have any questions regarding the use or disposition of your property or the administration of your case, contact your attorney and let him or her advise you. Should your case be dismissed and you file another petition within one year, the automatic stay may be limited to 30 days or not go into effect absent a motion and order imposing or extending the automatic stay.

The court knows that bankruptcy is not a happy experience, but once your discharge is entered we hope that you will receive the "fresh start" that is your right under the Bankruptcy Code.

DATED: January 25, 2010

                                                J. Rich Leonard
                                                United States Bankruptcy Judge